UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICE NEAL,

                    Plaintiff,

            -against-                                    25-CV-9103 (LTS)

CAPITAL ONE AUTO FINANCE,                                        ORDER

                    Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　　　Plaintiff, who is proceeding *pro se,* commenced this matter by filing a motion for a

preliminary injunction. She seeks an order "restraining Capital One Auto Finance . . . from

repossessing [her] 2017 Lexus FX 350 F Sport, demanding or collecting payments, or making

adverse credit reports concern[ing] the account during the pendency of this case." (ECF 1, at 1)

(emphasis omitted). She did not submit a complaint or file an application to proceed *in forma*

*pauperis* ("IFP"), or pay the fees to initiate this action. For the reasons set forth below, the Court

directs Plaintiff to submit a complaint and to either file an IFP application or pay the fees. The

Court denies Plaintiff's motion for a preliminary injunction, without prejudice to renewal at a

later date.

## DISCUSSION

### A.    Complaint

　　　　Rule 3 of the Federal Rules of Civil Procedure provides that a new civil action is only

properly commenced with the filing of a complaint. *See* Fed. R. Civ. P. 3. Therefore, to proceed

with this action, Plaintiff must submit a signed complaint to the court within 30 days of the date

of this order. In the complaint, Plaintiff must provide a short and plain statement that places

Defendant on notice of the claims against it. *See* Fed. R. Civ. P. 8(a).

**B.**    **IFP application or payment of fees**

To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Plaintiff submitted the complaint without the fees or an IFP application. Within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 25-CV-9103 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

**C.**    **Motion for preliminary injunction**

The Court denies Plaintiff's motion for preliminary injunctive relief because she does not provide sufficient information to show that she is entitled to such relief. To obtain the relief Plaintiff seeks, she must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in their favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submission does not demonstrate that that she is entitled to the relief she seeks. She states only that she "is likely to prevail because Defendant materially breached the binding arbitration agreement by refusing to pay required fees, causing the American Arbitration

Association (AAA) to close the case on August 19, 2025, under Rule R-10(b)." (ECF 1 ¶ 1.) This conclusory statement does not suggest that Plaintiff can demonstrate a likelihood of success on the merits or the existence of sufficiently serious questions going to the merits of her claims. Because Plaintiff did not file a complaint that provides background information describing Defendant's alleged conduct, and assertions suggesting that Defendant violated her rights, the Court cannot assume that Defendant is liable. Accordingly, the Court denies Plaintiff's request for preliminary injunctive relief, without prejudice to renewal at a later date.[1]

## CONCLUSION

The Court directs Plaintiff, within 30 days, to submit a complaint that complies with Rules 3 and 8(a) of the Federal Rules of Civil Procedure; the complaint must allege facts in support of her claims against Defendant. A complaint form is attached to this order.

The Court also directs Plaintiff to pay the $405.00 in fees to initiate this action or submit the attached IFP application.

Finally, the Court denies Plaintiff's request for preliminary injunctive relief (ECF 1), without prejudice to renewal at a later date. The Court directs the Clerk of Court to terminate this motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

---

[1] Plaintiff's supplement to her motion for preliminary injunctive relief (ECF 5) does not provide sufficient information to show that she is entitled to the relief she seeks.

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 12, 2025
             New York, New York

                                                  /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                           Chief United States District Judge