UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICE NEIL,

                          Plaintiff,

                -against-

CAPITAL ONE AUTO FINANCE,

                          Defendant.

25-CV-9103 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated November 12, 2025, the Court directed Plaintiff to file a complaint in this action and pay the fees or submit an *in forma pauperis* ("IFP") application. The Court also denied Plaintiff's motion for preliminary injunctive relief because her submission did not demonstrate that that she was entitled to such relief. On November 17, 2025, Plaintiff filed a complaint, and the following day, she filed an IFP application. She then filed two emergency motions seeking an injunction regarding the repossession of her vehicle. For the following reasons, the Court denies these two motions.

To obtain the relief Plaintiff seeks, she must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in their favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

This action arises from Plaintiff's February 29, 2025, purchase of a vehicle in Red Bank, New Jersey. Plaintiff contends that following her purchase of the vehicle, a contract she signed "was immediately assigned to Capital One Auto Finance."[1] (ECF 1, at 2) (emphasis omitted). On a date before June 24, 2025, Plaintiff "filed a demand for arbitration." (*Id.*) (same). This arbitration, however, never took place. On December 1, 2025, Defendant Capital One Auto Finance repossessed Plaintiff's vehicle. (*See* ECF 12, at 1.)

Plaintiff asserts claims under the Truth in Lending Act ("TILA"), and the Equal Credit Opportunity Act ("ECOA").[2] She claims that Defendant "failed to provide accurate and timely disclosures of assignment and ownership . . . [and] conceal[ed] the identity of the true creditor and depriv[ed] Plaintiff of material loan information." (ECF 9, at 1.) She also alleges that "Defendant refused to provide a copy of the approved credit application and related underwriting record despite multiple written requests, violati[ng] disclosure duties." (*Id.*)

Plaintiff does not demonstrate that she is entitled to preliminary injunctive relief. Although the facts alleged, which concern credit, relate to the TILA and/or the ECOA, these facts do not suggest that Plaintiff is entitled to emergency relief. Because Plaintiff's description of Defendant's alleged violations does not provide any specificity, the Court cannot conclude that Plaintiff can state a claim under either statute. Even if Plaintiff could state enough facts to suggest a violation of these statutes, such violations do not appear to be related to the repossession of her vehicle. For example, Plaintiff states that Defendant did not provide her with

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff also asserts claims under the Federal Arbitration Act ("FAA") and the Due Process Clause of the Fifth and Fourteenth Amendments, but she does not state facts suggesting viable causes of action under that statute or the Due Process clause.

"material loan information," but she does not describe how this alleged failure led to Defendant repossessing her vehicle.

For these reasons, the Court concludes that Plaintiff cannot show that she is entitled to the relief she seeks and denies her two emergency motions. The Court will more fully address the claims in Plaintiff's complaint in due course. Plaintiff need not file any additional emergency motions at this stage. Should Plaintiff continue to file emergency motions, the Court may issue an order barring her from filing emergency motions in this action without prior permission from the Court. *See* 28 U.S.C. § 1651.

### CONCLUSION

The Court denies Plaintiff's motions for preliminary injunctive relief (ECF 10, 12). The Court directs the Clerk of Court to terminate these motions.

Should Plaintiff continue to file emergency motions, the Court may issue an order barring her from filing emergency motions in this action without prior permission from the Court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 12, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3